IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY HARRIS, : | |
| : | Civil No. 1:08-cv-843 |
| Plaintiff : | |
| : | (Chief Judge Kane) |
| v. : | |
| : | (Magistrate Judge Smyser) |
| HERSHEY MEDICAL : | |
| CENTER et al., : | |
| : | |
| Defendants : | |

## MEMORANDUM

Before the Court is Terry Harris' ("Harris") pro se motion seeking a temporary restraining order and a preliminary injunction (Doc. No. 16), Magistrate Judge J. Andrew Smyser's Report and Recommendation ("R&R") denying the motion (Doc. No. 37), Harris' objections to the R&R (Doc. No. 43), and Defendants' response to Harris' objections (Doc. No. 45). For the reasons that follow, the Court will overrule Harris' objections, adopt the R&R, and remand the case to Judge Smyser for further proceedings.

**I.   BACKGROUND**

In the interest of economy, the Court incorporates by reference the uncontested background and procedural history of the case as presented in the R&R. (Doc. No. 37, at 1-5). The necessary background for purposes of this memorandum is set out as follows in Judge Smyser's R&R:

> The plaintiff alleges that on December 5, 2007, unknown medical personnel from the Hershey Medical Center Orthopaedic Department faxed forged/false medical documents to defendant Coolbaugh of the Adams County Domestic Relations Office. One of the documents stated that the plaintiff could not work, but the other two documents stated that the plaintiff could do sedentary work. On December 6, 2007, the documents were introduced as evidence against the plaintiff

>       at a child support contempt hearing. Judge Bingham believed that the
>       plaintiff had been lying about his inability to work and found the
>       plaintiff in contempt. . . . [At a meeting with his primary care giver,
>       Dr. Mark Knaub,] Dr. Knaub apologized for the false medical
>       documents that were sent to the Adams County Domestic Relations
>       Office and he . . . wrote a letter . . . explaining the error. . . . The
>       plaintiff introduced the letter written by Dr. Knaub at a hearing to try
>       to have his child support obligation reduced and to have a stay placed
>       on his duty to pay until after his social security appeal is decided.
>       The plaintiff's requests were denied.

(Id.)

## II.  DISCUSSION

The Magistrates Act, 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations.  In deciding whether to accept, reject or modify the R&R, the Court is to make a de novo determination of those portions of the R&R to which objection is made.  28 U.S.C. § 636(c).

### A. Adams County Adult Correctional Complex

Harris' motion sought some form of preliminary injunction against Adams County Adult Correctional Complex, as he claims to have not been provided with certain prescribed physical therapy.  In his R&R, Judge Smyser denies this request as moot on the basis that Harris informed the Court that he was no longer incarcerated at the facility.  (Doc. No. 37 at 7.)  Harris does not appear to object to this determination, asking the Court only to "deny the magistrate recommendation [sic] of not placing a temporary restraining order against the Adams County Domestic Relations."  This is further confirmed by Harris' brief in support of his objections, where he offers no argument against this determination.  Having reviewed the record and legal authority cited in the report and recommendation, the Court agrees with Judge Smyser's determination that this issue is moot.

### B. Domestic Relations

Harris has objected to Judge Smyser's determination that the Plaintiff has not shown a reasonable probability of success on the merits of his claims against the Domestic Relations Defendants. In his objection, Harris sets forth a short definition of substantive and procedural due process, and states "[i]f I am incarcerated their [sic] will not be any appeal hearing for social security disability, because I will not be eligible for it while incarcerated." (Doc. No. 44 ¶ 9.) He goes on to argue that "[i]f I have documents from my caregivers telling you [sic] their [sic] was a mistake, and you [sic] are still allowing me to be in contempt, I am being denied Due Process, and they are misusing the process of their authority, and then we are looking at false imprisonment." (Id. ¶ 10.) He further asks "[h]ow am I getting Due-Process by being sent to jail, for something I have proof of, that states I cannot work in any type of capacity . . . ." (Id. ¶ 11.)

Harris is never specific about the preliminary injunctive relief that he is seeking against the Adams County Domestic Relations Office in his motion. (Doc. No. 37 at 6.) After reviewing the record and his objections to the R&R before the Court, however, it seems evident that Harris must at least anticipate some form of injunction to halt the child support contempt proceedings in the Court of Common Pleas of Adams County. For instance, in his original proposed order, he asks the Court to order "Ms. Emily A. Coolbaugh of Adams County Domestic Relation and the Court of Adams County to show cause . . . why a Preliminary Injunction should not be issued." (Doc. No. 3.) This is further illustrated by Harris' claim that he will suffer irreparable harm from the Adams County proceedings because incarceration will prohibit him from exhausting his social security disability appeal. (Doc. No. 17 ¶ 4.) Finally, in

his "declaration in support of temporary restraining order and preliminary injunction" the Plaintiff states "it would be unjust and or non-constitutional for the court to hold me . . . for contempt of child support due to my disability to work in any capacity." (Doc. No. 5.) As such, even though Harris solely directs his requested temporary restraining order or preliminary injunction at the Adams County Domestic Relations Office, it is clear that any anticipated harm will result from the contempt judgment of the Adams County Court in the ongoing state child support proceedings.

As Judge Smyser set out, a party seeking a preliminary injunction must generally show: "(1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured pendente lite if relief is not granted." Acierno v. New Castle County, 40 F.3d 645, 654 (3d Cir. 1994). The district court also must consider the possibility of harm to other interestested persons from the grant or denial of the injunction and the public interest. Id. After review of the record and the R&R, the Court agrees with Judge Smyser's determination that the Harris has not satisfied his burden in showing a reasonable probability of success on the merits of his claims.

The Court also finds, as discussed above, that the requested preliminary injunction or restraining order will not prevent Harris' claimed irreparable harm insofar as it only targets the Adams County Domestic Relations Office. Harris seems to believe that the Domestic Relations Office has imposed his incarceration, as he claims his caseworker "allow[ed] the court to continue to incarcerate me, believing that I can work, and then not allowing me to exhaust my appeal through social security." (Doc. No. 44 ¶ 8.) Domestic Relations did not impose the incarceration here (Doc. No. 45 ¶ 11), however, nor does the office appear to have the power to

do so under Pennsylvania law.  See 23 Pa. Cons. Stat. Ann. § 4305; Faust v. Walker, 945 A.2d 212, 212 n.1 (Pa. Super. Ct. 2008).  The incarceration was imposed pursuant to the contempt order of the state court.  (Doc. No. 45 ¶ 11.)  As such, a temporary restraining order or injunction against Domestic Relations would be ineffectual.  Accordingly, Harris cannot show that he will suffer irreparable harm if the requested preliminary injunction is denied.  See Madias v. Dearborn Federal Credit Union, 916 F. Supp. 659, 660 (E.D. Mich. 1996).

Further, to the extent Harris targets the state court child support proceedings, the Court is concerned about the propriety of issuing any injunction that has the effect of interfering with an ongoing state judicial proceeding.  The Anti-Injunction Act  provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  While actions arising under § 1983 qualify under the "expressly authorized" exception to the Anti-Injunction Act, a federal court is still restrained by "the principles of equity, comity, and federalism . . . when asked to enjoin a state court proceeding."  Mitchum v. Foster, 407 U.S. 225, 243 (1972) (citing Younger v. Harris, 401 U.S. 37 (1971)).  As the Third Circuit has held, ensuring child support is a function particular to the states, who have an "overriding interest in ordering, monitoring, enforcing and modifying child support obligations."  Anthony v. Council, 316 F.3d 412, 421 (3d Cir. 2003).  These considerations further counsel against granting Harris' requested relief insofar as the temporary restraining order or preliminary injunction would interfere in the ongoing child support proceedings at the state level.

**III.    CONCLUSION**

Based on the foregoing, the Court will overrule Harris' objections to Judge Smyser's R&R.  An order consistent with this memorandum will follow.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERRY HARRIS,** | : | |
| | : | **Civil No. 1:08-cv-843** |
| **Plaintiff** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | **(Magistrate Judge Smyser)** |
| **HERSHEY MEDICAL CENTER et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, this 18th day of December 2008, having reviewed Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. No. 37) and Plaintiff Terry Harris' objections thereto (Doc. No. 43), and for the additional considerations discussed in the Court's memorandum opinion filed herewith, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Terry Harris' objections to the Report and Recommendation (Doc. No. 43) are **OVERRULED**.

2. The Report and Recommendation (Doc. No. 37) is **ADOPTED**.

3. The above-captioned case shall be **REMANDED** to Magistrate Judge Smyser for further proceedings.

       S/ Yvette Kane
       Yvette Kane, Chief Judge
       United States District Court
       Middle District of Pennsylvania