```
          UNITED STATES DISTRICT COURT
    FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

TERRY HARRIS,                    : **CIVIL NO: 1:08-CV-00843**
                                 :
    Plaintiff            :
                                 : (Chief Judge Kane)
  v.                          :
                                 : (Magistrate Judge Smyser)
HERSHEY MEDICAL CENTER           :
ORTHOPAEDIC PERSONNEL, et al.    :
                                 :
    Defendants

## REPORT AND RECOMMENDATION

The plaintiff, proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on May 6, 2008. On June 16, 2008, the plaintiff filed an amended complaint.

The amended complaint names as defendants: Jane and John Does Hershey Medical Center Orthopaedic personnel; Sergeant Keefer, Sergeant Heinzelman and John Doe prison officers at the Adams County Adult Correctional Center (ACACC); John Doe with the Adams County Sheriff's Department; Nurse Deb and Dr. John Doe with Prime Care Medical, Inc.; Emily A. Coolbaugh and Jane Doe with the Adams County Domestic Relations Office; and Brian Clark, the Warden of the ACACC.

The plaintiff alleges that on December 5, 2007, unknown medical personnel from the Hershey Medical Center Orthopaedic Department faxed forged and false medical documents to defendant Coolbaugh of the Adams County Domestic Relations Office. One of the documents stated that the plaintiff could not work, but the other two documents stated that the plaintiff could do sedentary work. On December 6, 2007, the documents were introduced as evidence against the plaintiff at a child support contempt hearing. Judge Bingham believed that the plaintiff had been lying about his inability to work and found the plaintiff to be in contempt of court.

The plaintiff was handcuffed, shackled and transported to the ACACC by the Adams County Sheriff's Department. The plaintiff's walking cane was confiscated from him. The plaintiff slipped on ice on the sidewalk leading to the intake entrance of the ACACC. As the plaintiff was lying on the ground, the Sheriff's Deputy called for assistance. Defendant Keefer, defendant Nurse Deb and other prison officers arrived. The plaintiff told defendant Nurse Deb that he was in extreme pain, that he had reinjured his back and right leg and that he had also injured his neck and head. Defendant Nurse Deb was

2

familiar with the plaintiff's preexisting back and leg injury based on the plaintiff's prior incarceration at the ACACC.

Defendant Nurse Deb told the officers to lift the plaintiff and get him inside.  After several unsuccessful attempts were made to lift the plaintiff, defendant Keefer became agitated, yelled at the plaintiff to get up and kicked the plaintiff in the leg.  Neither defendant Nurse Deb nor defendant John Doe Sheriff's Deputy nor any of the other people at the scene tried to stop defendant Keefer from kicking the plaintiff.  Prison officers grabbed the plaintiff and lifted him into a wheelchair.  They took him to a medical examining room.

The plaintiff complained about being assaulted by defendant Keefer, but an unknown doctor told him to stop.  The plaintiff told the doctor about his preexisting injuries, his ongoing physical therapy and his new injuries.  The plaintiff also told the doctor that he was in extreme pain.  The doctor gave the plaintiff a "once over naked eye examination" and said that the plaintiff was alright.  The plaintiff was taken in a wheelchair to a holding cell and then to the classification

3

housing unit.  Even though he kept complaining of extreme pain, the plaintiff was not given any pain medication.

The plaintiff's fiancee paid the plaintiff's child support arrears, and, at about 10:00 p.m, the plaintiff was released from the ACACC.  The plaintiff went straight from the ACACC to the Gettysburg Hospital Emergency Room.  At the Emergency Room, the plaintiff was given X-Rays, scans and a shot for his pain.  He was told to see his chief care giver as soon as possible.

The plaintiff was not able to get an appointment with his chief care giver - Dr. Mark Knaub of the Hershey Medical Center - until January 14, 2008.  At that appointment, Dr. Knaub apologized for the false medical documents that were sent to the Adams County Domestic Relations Office and he told the plaintiff that he would write a letter to Domestic Relations explaining the error.  Dr. Knaub did write such a letter.

The plaintiff introduced the letter written by Dr. Knaub at a hearing to try to have his child support obligation reduced and to have a stay placed on his duty to pay until

4

after his social security appeal is decided.  The plaintiff's requests were denied.  The plaintiff claims that he can not work and that the Domestic Relations Office is denying him due process by not waiting for the outcome of his social security appeal.  The plaintiff alleges that his physical well being is in imminent danger because he must either seek employment despite his doctor's advice not to work or go back to prison for contempt for nonpayment of child support.  The plaintiff alleges that his social security appeal hearing will not take place if he is incarcerated.

As relief, the plaintiff is seeking declaratory and injunctive relief as well as compensatory and punitive damages.

A motion to dismiss the amended complaint was filed on August 25, 2008 (Doc. 30) by defendants Keefer, Heinzelman, John Does Prison Officers, John Doe, Coolbaugh, Jane Doe, Clark, Adams County Adult Correctional Complex, Adams County Sheriff's Department and Adams County domestic Relations Office.  A supporting brief was filed on that date.  Doc. 31.  A brief in opposition was filed on January 8, 2009.  Doc. 58.

A motion to dismiss the amended complaint was filed on September 10, 2008 by defendant (Nurse Deb) Cook.  (Doc. 36). A brief in support of the motion (Doc. 42) was filed on September 19, 2008.  A brief in opposition was filed on January 15, 2009.  (Doc. 63).

A motion to dismiss the amended complaint was filed by defendant William Young on February 10, 2009.  (Doc. 65).  A supporting brief was filed on that date.  (Doc. 66).  A brief in opposition was filed on February 20, 2009.  (Doc. 69).

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff. *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991).  However, "conclusory allegations of

6

law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id*. at 449-50.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stating a claim requires a complaint with enough factual matter to suggest the required elements of a claim. *Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008). However, "this 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* (quoting *Twombly*, *supra,* 127 S.Ct. at 1965). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson, supra.,* 127

7

S.Ct. at 2200. The "notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 127 S.Ct. at 2200 (2007)(quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

The three Adams County institutions and agencies named as defendants ask for their dismissal from the case because there is no averment in the amended complaint of personal involvement on the part of any Adams County agency or institution or agency in any wrongdoing. These defendants cite precedents holding such governmental entities not to be persons within the meaning of 42 U.S.C. § 1983. A governmental entity such as a correctional institution, a county domestic relations office or a county sheriff's office is not a person within the meaning of the statute. The Adams County defendants are agencies of the Adams County municipality. "It is, of course,

8

well established that a defendant in a civil rights case cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. Ex. Rel. Z.H. Oliva*, 226 F.3d 198, 201 (3rd Cir. 2000).  "There is no vicarious, respondeat superior liability under § 1983." *Id.* at 202.  Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation.  *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976).  The complaint must contain averments of the involvement of the defendants in the conduct which caused a violation of the plaintiff's constitutional rights.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  A 42 U.S.C. § 1983 action against state supervisory officials requires allegations that the defendants actually participated in or had actual knowledge of and acquiesced in the events forming the basis of the claims. *Egan v. Concini*, 585 F. Supp. 801, 804 (M.D. Pa. 1984).

Since the plaintiff has failed to allege that the alleged violations of his constitutional rights occurred as the result of a policy, custom, or practice of Adams County or the Adams County agencies, the complaint fails to state a claim

9

upon which relief may be granted against these Adams County defendants.

The Adams County individual defendants (Keefer, Heinzelman, John Doe Prison Officers, John Doe Sheriff's Department, Coolbaugh, Jane Doe Domestic Relations and Clark) argue that they are entitled to qualified immunity.

Despite their participation in constitutionally impermissible conduct, government officials "may nevertheless be shielded from liability for civil damages if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hope v. Pelzer,* 536 U.S. 730, 739 (2002)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Qualified immunity operates to ensure that, before they are subjected to suit, officers are on notice that their conduct is unlawful. *Id.*  "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan,* 129 S.Ct. 808, 815

(2009). "If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." *Harlow, supra*, 457 U.S. at 818-19.  A defendant has the burden to establish that he or she is entitled to qualified immunity. *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004).

The qualified immunity analysis generally has two steps. *Pearson, supra,* 129 S.Ct. at 815-816.  The threshold inquiry in a qualified immunity analysis is whether the facts that the plaintiff has alleged or shown make out a violation of a constitutional right. *Id.*  "If the plaintiff fails to make out a constitutional violation, the qualified immunity inquiry is at an end; the officer is entitled to immunity." *Bennett v. Murphy,* 274 F.3d 133, 136 (3d Cir. 2002).  If, however, the plaintiff can establish a constitutional violation, the next step is to ask whether the right was clearly established. *Saucier v. Katz,* 533 U.S. 194, 201 (2001).  "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202.  "This is an objective inquiry, to be

11

decided by the court as a matter of law." *Doe v. Groody*, 361 F.3d 232, 238 (3d Cir. 2004).

In the qualified immunity analysis, it is often appropriate to consider whether the facts that the plaintiff has alleged or shown make out a violation of a constitutional right before considering whether the right at issue was clearly established at the time of the defendant's alleged misconduct. *Pearson, supra,* 129 S.Ct. at 818.  However, the court is permitted to exercise its discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case. *Id.*

Sgt. Heinzelman is alleged to have inadequately cleared ice and snow from a parking lot and sidewalk, resulting in a slip of the plaintiff.  This is not conduct that would be seen to be likely to result in a violation of a person's constitutional rights, even if the actor were cognizant of his own negligence.  The amended complaint should be dismissed as to defendant Heinzelman, based upon qualified immunity.

12

Defendant Warden Clark is sued strictly on a respondeat superior theory, for failing to adequately train and supervise his prison officer employees.  "It is, of course, well established that a defendant in a civil rights case cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. Ex. Rel. Z.H. Oliva*, 226 F.3d 198, 201 (3rd Cir. 2000).  "There is no vicarious, respondeat superior liability under § 1983." *Id.* at 202.  Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation.  *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976).  The complaint must contain averments of the involvement of the defendants in the conduct which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  A 42 U.S.C. § 1983 action against state supervisory officials requires allegations that the defendants actually participated in or had actual knowledge of and acquiesced in the events forming the basis of the claims. *Egan v. Concini*, 585 F. Supp. 801, 804 (M.D. Pa. 1984).  The amended complaint should be dismissed as to defendant Clark.

13

Defendant Prison Officers John Does and Sheriff's Deputy John Doe are alleged to have failed to stop a use of force against the plaintiff by defendant Sgt. Keefer.  We do not agree with the defendants' characterization of this alleged inaction as "nothing more than discretionary functions of the job duties of the prison officials and the Sheriff's deputy."

Prison officials have a duty to protect prisoners from violence at the hands of others. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994).  Prison officials and employees may be liable for failure to protect an inmate from the use of excessive force if they are deliberately indifferent to a substantial risk of serious harm to the inmate.  *Id*. at 834.  To survive summary judgment on an Eighth Amendment failure to protect claim "a plaintiff is required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hamilton v. Leavy,* 117 F.3d 742, 747 (3d Cir. 1997).  The circumstances in this case might have been such that a duty to protect did not reasonably arise. But the claims against the defendants accused of using excessive force and of failing to prevent an excessive use of force (defendants Keefer, John Doe

14

Prison Officers and John Doe Sheriff's Deputy) should not be dismissed for failure to state a claim upon which relief can be granted.

There are not allegations made in the amended complaint against defendants Coolbaugh and Jane Doe Domestic Relations, and the amended complaint should be dismissed as to these defendants.

Nurse Deb (Cook) argues that the amended complaint does not state a claim upon which relief can be granted as to her, in that it does not allege more than that she supervised the provision of and provided medical care to the defendant.  She also presents arguments for the dismissal of state law claims against her in the amended complaint.  The plaintiff did not file a brief in opposition to the motion to dismiss the amended complaint as to Nurse Deb Cook.  He is deemed not to oppose the motion.  LR 7.6.  The unopposed motion of Nurse Deb (Cook) to dismiss the amended complaint should be granted.

Defendant William Young argues that the amended complaint should be dismissed as to him for failure to state a

15

claim upon which relief can be granted because there is neither a claim made or facts alleged to support an actionable claim that defendant Young as a medical doctor was deliberately indifferent to a serious medical need of the plaintiff or negligent in his treatment of the plaintiff.  The plaintiff did file a brief in opposition to the motion of defendant Young to dismiss the amended complaint, asserting that "[p]laintiff has stated a claim under 1983 upon which relief can be granted, as plaintiff must have surgery on his right knee because of the unnecessary force ..."  There is not any contention of personal involvement on the part of defendant Young in any indifference to the plaintiff's medical condition or any claim of negligence or carelessness on the part of defendant Young, and accordingly the amended complaint should be dismissed as to defendant Young.

For the foregoing reasons, it is recommended that the motions to dismiss the amended complaint be granted in part. It is recommended that the Amended Complaint be dismissed as to all claims against defendants Adams County Sheriff Department, Adams County Domestic Relations Office, Adams County Adult Correctional Complex, Coolbaugh, Sgt. Heinzelman, Warden Clark,

16

Jane Doe Domestic Relations, Nurse Deb (Cook) and William Young. It is recommended that the motions of defendants Prison Official John Does, Deputy Sheriff John Doe and Sgt. Keefer be denied and that the case be remanded to this magistrate judge.

                                      ***/s/ J. Andrew Smyser***
                                      J. Andrew Smyser
                                      Magistrate Judge

Dated:  March 19, 2009.